JUDICIAL ADMINISTRATION OF THE PROPERTY OF VIDAL RESPONDENT. HEIRS OF AGUSTINA RUIZ, APPELLANTS.

APPEAL from the District Court of San Juan, Section 1.

No. 920.—Decided May 29, 1913.

PARTITION OF INHERITANCE—LIQUIDATION OF CONJUGAL PARTNERSHIPS—TAX RECEIPT—PRESUMPTION.—When in a partition of the estate of a testator who had been married three times it is sought to prove that certain property held during the third marriage was acquired with funds accumulated during the second marriage, something more than the production of a tax receipt showing that taxes thereon were paid during the second matrimony is necessary to destroy the presumption that said property belonged to the conjugal partnership existing at the time of its apparent acquisition. The mere payment of taxes is not enough to give rise to the doubt mentioned in section 1341 of the Civil Code.

The facts are stated in the opinion. ·

*Messrs. Quintín Negrón Sanjurjo* and *José G. Torres* for appellants.

*Mr. Jacinto Texidor* for Cruz Rodríguez.

MR. JUSTICE WOLF delivered the opinion of the court.

José E. Vidal Amadeo was married three times, but there never was an accounting or liquidation of any of the matrimonial partnerships so created until after his death. He died testate. After some necessary preliminary proceedings the court rendered a judgment and an award whereby a distribu-

tion was made among the persons entitled by reason of the
first and third marriages and the heirs of the second wife
were excluded from any part of the estate. In this regard
the master (*contador partidor*) found that there were no chil-
dren by the second marriage; that according to the will of
the testator the said second wife had no property at the time
of the marriage, and that during the said marriage the said
wife acquired no property of her own, and that, furthermore,
no property was shown to have been acquired by the said
society. On objection to the report of the master a referee
was appointed who agreed with the master and the report
of the referee in this regard was affirmed by the court. The
heirs of the second wife were the appellants here and they
allege as error:

*First.* The failure to accept as evidence the certificate is-
sued by the secretary of the Municipality of San Juan with
regard to the property of the testator that appeared in the
list of taxes for the years 1873 to 1878, the duration of the
second marriage.

*Second.* In not applying in a case of doubt the rule set
forth in section 1341 of the Civil Code.

The section referred to provides:

"Section 1341. Whenever the liquidation of the partnership prop-
erty of two or more marriages contracted by the same person may
have to be made simultaneously in order to determine the funds of
each partnership, every kind of proof shall be admitted, in the absence
of inventories, and in case of doubt, the partnership property shall be
divided between the different partnerships in proportion to the time
of their duration and to the property owned by the respective
spouses."

The special master, with considerable show of reason, de-
cided that the certificate of the secretary of the Municipality
of San Juan showing the payment was incompetent evidence,
but we prefer to follow the course of the referee and to con-
sider such proof for what it is worth.

We think it only proves that José E. Vidal. Amadeo· was paying taxes on certain property and nothing more. Perhaps with other proof the certificate might have. had some value, but standing alone it only gave rise to suspicions. The mere fact that a man is paying taxes on property does not show ownership. A man may have sold property and continue to pay taxes for the purchaser of whom he may be the agent, or, after a sale, the record in a municipality may not be changed for some time and the property belong to one person although appearing in the name of another.

Moreover, the payment of taxes is no indication of the value of the property. It may be so heavily mortgaged as practically to have no value. Furthermore, the certificate in this case gave no idea of when and how the property was acquired, and it might have been obtained during the period of the first marriage or before. No presumption as to owner- ship or time of acquisition arises from the payment of taxes at any particular dates.

It is true that some of the property described in the cer- tificate is not shown to have belonged either to the first mat- rimonial society or shown to have been the testator's separate estate, but as none of such alleged property of the second marriage was shown to have remained in the possession of the testator at the death of the second wife, the presumption, if any, was that such property was consumed or disposed of during the pendency of the second marriage. The specific property remaining in the hands of the testator at the time of his death are all accounted for as having been acquired before or after his second marriage, and the presumption would be that such property was ganancial property of the first or third marriages. If any of the property apparently of the third marriage was acquired by the use of funds or property acquired during the second marriage, something more than the production of a tax receipt was necessary to show that fact or raise a doubt concerning whether there was in fact any property belonging to such conjugal society.

Ownership must be proved by the deeds, the witnesses of transfers, the registry or notarial protocols. If Vidal Amadeo was found in possession of a hoard of money or other property with no indication of its origin, the doubt to which section 1341 alludes might arise, but no such doubt arises from the mere payment of taxes extended through five or six years. The judgment appealed from must be affirmed in so far as it affects the appellants in this case.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.